Cameron, J.
delivered the opinion of the Court.
By the 9th section of the 5th chapter of acts of 1762, the. Legislature have enacted, that “ every guardian shall annually exhibit his account and state of the profits and disbursements of the estate of such orphan, upon oath.” By the 10th section of the same act, they have further enacted, that “ where the profits of any orphan’s estate shall be more than sufficient to maintain and educate him, or her, the guardian of such orphan shall lend the surplus, and all other sums of money in his hands, belonging to such orphan, upon bond with sufficient securities, to be approved of by the next succeeding court, and to be repaid with interest, which interest, such guardian shall account for annually.”
The question arising on the construction of the foregoing sections, is,—whether the guardian is accountable for interest on the accumulated balance of principal and interest annually, after deducting the necessary expences of his ward ? A majority of the Court are of opinion, that he is ; because, independently of the just claim of the ward, to have the excess of the profits of his estate converted into an active fund, and of the injustice of permitting the guardian to retain the money of his ward, in his own hands, making gains for himself, the act has expressly required him to account for the interest annually. By this we understand, that the guardian is not only bound to exhibit the amount of interest which accrues on the debts due his ward, in his annual account, but he is bound to bring such interest into his account, debiting himself with the amount thereof, and forming a *253 part of the aggregate amount on which the succeeding accumulation of interest is to be estimated. Should the debtors of the ward neglect or refuse to pay the interest due on their bonds at the expiration of the year, the guardian is bound, within a reasonable time, to coerce the payment of the principal and interest, and when recovered to lend the same to some more punctual person.
It is not intended to place such a construction on the act, as will, at all events, compel the guardian to account for, and pay interest, on the balance of principal and interest, at the expiration of each year. We only lay it down, on the general principle resulting from the just and necessary construction of the act, that he shall be chargeable with the interest annually, unless he shews to the satisfaction of the Court, such equitable circumstances as ought, in conscience, to acquit him of his accountability for such interest.
Seawell, J. and Taylor, C. J. dissented.